UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EBONY BURT, | ) | |
|                 Petitioner, | ) | |
| vs. | ) | 2:13-cv-277-JMS-WGH |
| | ) | |
| DICK BROWN, | ) | |
|                 Respondent. | ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

A state prisoner seeking a writ of habeas corpus bears the burden of demonstrating that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). A viable habeas claim pursuant to § 2254(a) cannot include a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

When the challenged custody results from a prison disciplinary proceeding, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

**B.**

The pleadings and the expanded record in this action challenging the prison disciplinary proceeding identified as No. WVD 13-03-005 show that petitioner Ebony Burt's due process rights were fully honored. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Burt was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions imposed. Burt has not argued otherwise. His only colorable argument is that he was denied the right to call witnesses, but the record belies that claim. [Dkt. 10-2.]

**C.**

The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Burt to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied.**

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

02/20/2014

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

EBONY BURT
190370
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

Electronically Registered Counsel